UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09894 CAS (ADS)                    Date: December 6, 2019

Title: *Ronald Robinson v. Ralph M. Diaz*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):    Attorney(s) Present for Respondent(s):
None Present    None Present

**Proceedings:**    **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

## I.    INTRODUCTION

On November 19, 2019, Ronald Robinson ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). [Dkt. No. 1]. Petitioner asserts (1) retaliation by prison staff for appealing an unsatisfactory work evaluation and (2) due process violations when prison staff issued the work evaluation depicting Petitioner's performance as "sub-par". [Id. at 5].

For the reasons set forth below, the Petition appears subject to dismissal for failure to name a proper respondent and failure to state a cognizable claim for habeas relief. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

## II.    SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09894 CAS (ADS)                           Date: December 6, 2019

Title:  *Ronald Robinson v. Ralph M. Diaz*

## III.    NOTICE OF DEFICIENCIES

### A.     Improper Respondent

The Petition fails to name a proper respondent but rather lists as defendant, Ralph M. Diaz, Secretary of Corrections.  [Dkt. No 1, p.1].  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction."  Ortiz v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).  The proper respondent to a habeas petition is "the person who has custody over the petitioner." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242).   "The default rule is that the proper respondent is the warden of the facility where the prisoner is being held."  Id.  As such, it appears the Court lacks jurisdiction over the Petition as filed.

### B.  Failure to State a Cognizable Claim for Habeas Relief

The Court has the authority to dismiss habeas actions sua sponte, pursuant to Rule 4 of the Rules Governing § 2254 Cases.  See Mayle v. Felix, 545 U.S. 644, 656 (2005); see also Pagtalunan v. Galaza, 291 F.3d 639, 641, n.1 (9th Cir. 2002) (quoting Rule 4).  Under 28 U.S.C. § 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's confinement while a civil rights action is the proper method to challenge circumstances of confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (internal citation omitted).  When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and the claim must be brought under 42 U.S.C. § 1983.  Nettles, 830 F.3d at 935.

Here, the Court has screened the instant Petition and finds it clear on the face of the Petition that Petitioner is not entitled to federal habeas relief for the claims he asserts.  Petitioner's grounds for relief appear to solely challenge the circumstances of his incarceration by asserting claims such as retaliation for appealing a prison staff decision and due process violations for a negative work performance evaluation.  [Dkt.

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09894 CAS (ADS)                    Date: December 6, 2019

Title: *Ronald Robinson v. Ralph M. Diaz*

No. 1, p. 5]. Those challenges concern the circumstances of his confinement and must be raised in a civil rights action under 42 U.S.C. § 1983. Because Petitioner does not appear to challenge the legality or duration of his confinement and his claims would not necessarily lead to his immediate or earlier release, the Petition fails to state a cognizable claim for federal habeas relief.

## IV.    PETITIONER'S OPTIONS

The Petition is subject to dismissal for failure to name a proper respondent and failure to state a cognizable claim for habeas relief. Petitioner has the following options:

### A.    Option 1 – Voluntary Dismissal

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner is advised, however, that there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under Section 2244(d) while a petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (noting that unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations). Petitioner is cautioned that a dismissal may result in the later inability to pursue a federal habeas petition as untimely under the AEDPA statute or limitations. Petitioner should review the application of the statute of limitations prior to selecting this option.

### B.    Option 2 – Convert the Petition to a Civil Rights Complaint

Petitioner may choose to convert the Petition to a civil rights complaint under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) ("[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner.").

Petitioner is advised, however, that plaintiffs who bring civil rights actions are required to exhaust administrative remedies for their claims. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 733–34 (2001). Petitioner is further warned that failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09894 CAS (ADS)                    Date: December 6, 2019

Title: *Ronald Robinson v. Ralph M. Diaz*

to exhaust administrative remedies may be grounds for dismissal of a civil rights complaint.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

Petitioner is also advised that the Court screens pro se complaints brought by prisoners and is required to dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  A viable claim of First Amendment retaliation by a prisoner requires five elements: (1) the plaintiff engaged in protected conduct; (2) an allegation that a state actor engaged in some adverse action against the plaintiff; (3) the adverse action was taken "because of" the plaintiff's protected conduct; (4) the adverse action caused harm that was more than minimal or that "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 562, 567-68 n.11 (9th Cir. 2005).  Moreover, to plead a procedural due process violation, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State;" and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient.  Kentucky Dep't. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 571 (1972); Hewitt v. Helms, 459 U.S. 460, 472 (1983)).

Furthermore, if Petitioner seeks to file a civil rights complaint, he will need to pay the mandatory $400.00 case filing fee or file a request to proceed without prepayment of filings fees ("IFP Request") with the necessary accompanying documents.  See 28 U.S.C. § 1915; L.R. 5-2.  The Clerk is directed to mail Petitioner a blank copy of the District's Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P) form for Petitioner to use to file an IFP Request.

### C.   Option 3 – Proceed on the Petition

Petitioner may elect to move forward with the Petition in its current form. Petitioner is expressly cautioned that on the face of the Petition, Petitioner fails to name a proper respondent and fails to state a cognizable claim for federal habeas relief, and thus the Court will recommend dismissal to the District Judge.

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09894 CAS (ADS)                                  Date: December 6, 2019

Title:  *Ronald Robinson v. Ralph M. Diaz*

## V.    CONCLUSION

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing **by no later than December 27, 2019** why the Court should not dismiss this action.  Petitioner must file a statement with the Court stating whether he wishes to proceed with Option 1, 2, or 3.

To select Option 1, voluntary dismissal, Petitioner may use the attached Notice of Dismissal Form.  The Clerk is directed to attach a blank copy of the Notice of Dismissal form (CV-09) for Petitioner's convenience.

To select Option 2, Petitioner must clearly state that he wishes to convert the Petition to a civil rights complaint.  Petitioner must also submit a completed Civil Rights Complaint form.  The Clerk is directed to attach a blank copy of the Civil Rights Complaint form (CV-66).

To select Option 3, Petitioner must file a statement with the Court stating that he wishes to proceed on the Petition, despite the infirmities described in this order.

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above, failure to prosecute, and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>